| | |
|---|---|
| LINCOLN, GUSTAFSON & CERCOS<br>ATTORNEYS AT LAW<br>550 West "C" Street, Suite 1400<br>San Diego, California 92101<br>(619)233-1150/Fax:(619)233-6949 | (SPACE BELOW FOR FILING STAMP ONLY) |

THEODORE R. CERCOS, ESQ. [SBN 128732]
SUSAN S. MINAMIZONO, ESQ. [SBN 260143]

Attorneys for Defendant, **TARGET CORPORATION**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA DOVAL, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation, and DOES 1 through 100,<br><br>　　　　Defendant. | CASE NO: **'14CV2280 BEN WVG**<br><br>DEPT.:<br>Judge:<br><br>**DECLARATION OF SUSAN S. MINAMIZONO IN SUPPORT OF TARGET CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

I, Susan S. Minamizono, declare as follows:

1.　　I am an attorney duly licensed to practice law before all the courts of the State of California and the Southern District of California and am an associate in the law firm of Lincoln, Gustafson & Cercos, attorneys of record for Defendant TARGET CORPORATION (hereinafter, "Defendant"). I am personally familiar with the within stated facts and would and could testify based upon personal knowledge of the same, and as to those facts stated on information and belief, I believe them to be true.

2. A true and correct copy of the Complaint filed by Plaintiff MONICA DOVAL (hereinafter, "Plaintiff") in the Superior Court of the State of California for the County of San Diego, entitled <u>Monica Doval v. Target Corporation</u>, Case Number 37-2014-00014414-CU-PO-NC, is attached hereto as Exhibit "A".

3. A true and correct copy of the summons that was served with the above-referenced Complaint on Defendant is attached hereto as Exhibit "B".

4. On September 12, 2014, I received Plaintiff Monica Doval's Second Amended Responses to Defendant Target's Special Interrogatories, Set One, mail served on September 9, 2014, in which Plaintiff stated that Plaintiff's alleged damages in this case exceed $75,000. True and correct copies of the above-referenced discovery response and proof of service are attached as Exhibit "C".

5. Defendant was and is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business in the State of Minnesota, and is the only defendant that has been served with summons and complaint in this action.

6. Defendant's corporate headquarters is located in the State of Minnesota, where the company's executive and administrative functions are performed.

7. Defendant currently operates 1,795 stores in 49 states, including 76 stores in Minnesota.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and if called upon to testify to the facts thereto, could and would do so competently.

Executed on September 25, 2014, in San Diego, California.

/s/ Susan S. Minamizono
SUSAN S. MINAMIZONO

DECLARATION OF SUSAN S. MINAMIZONO IN SUPPORT OF TARGET CORPORATION'S
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

Exhibit "A"

GULDJIAN LAW, APC
Christopher A. Guldjian SBN 222964
Yasmine Djawadian SBN 270002
600 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626
Tel: 714-882-5800
Fax: 714-882-5810
E-mail: guldjian@glawg.com
         djawadian@glawg.com

Attorneys for Plaintiff MONICA DOVAL

VIA FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO—NORTH COUNTY DIVISION

| | |
|---|---|
| MONICA DOVAL, an individual;<br><br>Plaintiff<br><br>vs.<br><br>TARGET CORPORATION, a California corporation; DOES 1-100.<br>Defendants. | Case No.:   37-2014-00014414-CU-PO-NC<br><br>COMPLAINT FOR PERSONAL INJURIES AND DAMAGES<br><br>1. NEGLIGENCE<br><br>2. PREMISES LIABILITY<br><br>[UNLIMITED JURISDICTION] |

COMES NOW the Plaintiff MONICA DOVAL (hereinafter "Plaintiff") for causes of action against Defendant TARGET CORPORATION, and DOES 1 through 100, inclusive, and each of them (hereinafter "Defendants"), complains and alleges as follows:

**VENUE**

1. The events giving rise to the complaint herein occurred on or about December 10, 2013 at approximately 11:00 a.m. at the TARGET CORPORATION store located on the premises of 1280 Auto Park Way in the City of Escondido, County of San Diego, State of California (hereinafter the "the subject premises").

- 1 -
COMPLAINT

## PARTIES

2. At all times relevant herein, Plaintiff MONICA DOVAL was a resident of the City of Escondido, County of San Diego, in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendant TARGET CORPORATION (hereinafter "TARGET") is incorporated in the state of California, conducting business in the County of San Diego, and City of Escondido.

4. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants with the causes of action alleged herein is unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was and is negligently, carelessly, recklessly, unlawfully, tortiously, wantonly, wrongfully, illegally, or in some other actionable manner, responsible for the events and happenings hereafter referred to, and thereby negligently, carelessly, recklessly, unlawfully, tortiously, wantonly, wrongfully and illegally proximately caused the hereafter described injuries and damages to the Plaintiff. Plaintiff will hereafter file an amendment to complaint or seek leave of court to amend this Complaint to show Defendants' true names and capacities after the same have been ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, and each of them, were agents, servants, employees and joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and joint venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every

- 2 -
COMPLAINT

Defendant as an agent, employee, contractor, subcontractor and joint venturer, and that each Defendant, by and through its officers, directors or managing agents, authorized, ratified, or otherwise approved the acts of the remaining Defendants, and that said officers, directors or managing agents participated in said acts with the defendants, including DOES 1 through 100, inclusive, and each of them.

## FACTUAL BACKGROUND

6. At all times mentioned herein, the subject premises, a TARGET store located at 1280 Auto Park Way, Escondido, CA 92029, County of San Diego, State of California, was a property owned, controlled, supervised, inspected, leased, maintained, and managed by Defendant TARGET and DOES 1-100, inclusive.

7. On or about December 10, 2013, Plaintiff MONICA DOVAL purchased goods at the subject store and went to the public cafeteria area of the subject store at the time of the incident. Plaintiff is further informed and believes that Defendants had, and each of them, a duty to maintain the public cafeteria that was expected to be frequented by guests and to warn the Plaintiff of any dangerous conditions in the cafeteria of the subject TARGET store which Defendants, and each of them, knew or should have known due to a reasonable inspection of said property.

8. On or about December 10, 2013, Defendants, and each of them, did not properly maintain the cafeteria of the subject premises by allowing the dangerous condition of a wet and slippery substance on the floor near the vending machine to persist in that the Defendants, and each of them, negligently, carelessly, recklessly, unlawfully, tortiously, wantonly, wrongfully, illegally, or in some other actionable manner, owned, controlled, supervised, inspected, leased, maintained, and managed specifically the cafeteria and generally the subject TARGET Store on said subject premises.

- 3 -
COMPLAINT

9. On or about December 10, 2013 at approximately 11:00 a.m., due to the unsafe conditions on the premises and particularly a wet floor present near the vending machine of the cafeteria area of the subject premises, Plaintiff was injured when she slipped, fell, and forcefully hit her head on a nearby chair.

10. As a further result of said injury, and the wrongful conduct of the Defendants, and each of them, as is more fully set forth herein, Plaintiff was physically, psychologically, and emotionally injured, and suffered severe trauma, and has incurred and will continue to incur obligations and expenses including but not limited to loss of earnings, health care expenses, physical disability, severe emotional distress, pain and suffering, and other damages, all to Plaintiff's damage in an amount according to proof.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

**(By Plaintiff against Defendant TARGET CORPORATION AND DOES 1 through 100, inclusive)**

11. Plaintiff re-alleges as though fully set forth at length and incorporates by reference herein all of the allegations and statements heretofore set forth in this Complaint as though fully set forth herein.

12. At all times herein, Defendants TARGET and DOES 1 through 100, and each of them, owned, maintained, controlled, managed, leased, and operated the subject premises located at 1280 Auto Park Way in the City of Escondido, County of San Diego, State of California.

13. On or about December 10, 2013, at approximately 2:30 p.m. Plaintiff MONICA DOVAL was a patron and guest at the subject store. As such, Defendant TARGET and

- 4 -
COMPLAINT

DOES 1 through 100, and each of them, owed a duty to exercise care for the safety and well-being of Plaintiff MONICA DOVAL, described herein, breached said duty.

14. Defendants TARGET and DOES 1 through 100, and each of them, so negligently, wantonly, recklessly, tortiously, wrongfully, and unlawfully failed to own, maintain, control, manage, or operate the premises, including the cafeteria area, because Defendant TARGET and DOES 1 through 100, knew, or in the exercise of reasonable care should have known of the risks of great bodily injury from these acts and/or omissions, and demonstrated a conscious disregard of safety and danger of serious bodily injury.

15. Defendants negligently failed to take steps either to properly equip and maintain the subject premises in a reasonably safe condition or to warn Plaintiff of the dangerous conditions affecting the subject premises. As a result of the slippery floor and wet substance on the floor in the cafeteria, Plaintiff slipped and fell on a wet substance near the vending machine and hit her head on a chair as a result. Plaintiff suffered a concussion, seizures, injury in her head area, injuries to her neck, elbow, shoulder, arms, and knees. She continues to suffer painful, recurrent pain.

16. As a direct and proximate result of the acts and/or omissions of Defendant TARGET and DOES 1 through 100, and each of them, as herein above alleged, Plaintiff MONICA DOVAL suffered, and continues to suffer general and special damages in an amount to be determined at trial.

<div style="text-align:center">

**SECOND CAUSE OF ACTION**

**PREMISES LIABILITY**

**(By Plaintiff against Defendants TARGET CORPORATION and DOES 1 through 100, inclusive)**

</div>

- 5 -
COMPLAINT

17. Plaintiff re-alleges as though fully set forth at length and incorporates by reference herein all of the allegations and statements heretofore set forth in this Complaint as though fully set forth herein.

18. As operators, owners and individuals with the duty to safely manage, maintain, or provide for the subject premises to exist in a condition safe for guests, patrons, and/or invitees such as Plaintiff, Defendant TARGET and Does 1 through 100, inclusive, were responsible for managing and maintaining the subject cafeteria and floor of the subject premises in a reasonably safe manner.

19. Defendants negligently, carelessly, wantonly, recklessly, tortiously, wrongfully, and unlawfully failed to properly maintain their premises and failed to maintain the premises in a reasonably safe condition. Defendants knew, or in the exercise or reasonable care should have known, the risks of great bodily injury from these acts and/or omissions, and demonstrated a conscious disregard of safety and danger of serious bodily injury.

20. As a proximate result of the negligent acts and/or omissions of Defendants, and each of them, Plaintiff has suffered physical, mental and emotional injuries in addition to monetary damages.

21. As a further direct and proximate result of the conduct of Defendant TARGET and DOES 1 through 100, and each of them, Plaintiff MONICA DOVAL was hurt and injured in health, strength, and activities, sustaining bodily injury and shock and injury to her person, all of which said injuries have caused and continue to cause Plaintiff mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereupon alleges, that said injuries will result in some permanent disability, all to Plaintiff's general damage, in such sums as will be proven at time of trial.

22. As a further direct and proximate result of said conditions and the conduct of said Defendants, including DOES 1 through 100, inclusive, Plaintiff MONICA DOVAL

- 6 -
COMPLAINT

was required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for Plaintiff, employ specially trained persons to supply care and service and did and will in the future, incur medical and incidental expenses for such care and services. The exact amount of such expense is unknown to Plaintiff at this time.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants TARGET CORPORATION, and DOES 1 through 100, inclusive, as follows:

1. General damages in an amount in excess of the minimum jurisdictional limits of the Superior Court and according to proof;
2. Special damages, in an amount according to proof;
3. Past and future medical expenses, and past and future loss of earning capacity according to proof;
4. Prejudgment interest according to proof;
5. Costs of suit; and
6. Such other and further relief as this Court deems just and proper.

Dated: May 7, 2014                                GULDJIAN LAW, APC

BY:_____

Yasmine Djawadian
Attorneys for Plaintiff MONICA DOVAL

- 7 -
COMPLAINT

## DEMAND FOR JURY TRIAL

Demand is made for jury trial herein.

Dated: May 7, 2014

GULDJIAN LAW, APC

BY: _____

Yasmine Djawadian
Attorneys for Plaintiff MONICA DOVAL

- 8 -
COMPLAINT

Exhibit "B"

Case 3:14-cv-02280-BEN-WVG   Document 1-2   Filed 09/25/14   PageID.18   Page 13 of 18

*5/9@2:58p* (handwritten)

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, a California corporation; DOES 1-100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MONICA DOVAL, an individual.


2014 MAY -7 PM 2: 37

**VIA FAX**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: San Diego Superior Court
*(El nombre y dirección de la corte es):*
325 S. Melrose Drive
Vista, CA 92081

**CASE NUMBER** *(Número del Caso):*
37-2014-00014414-CU-PO-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yasmine Djawadian, SBN 270002; 600 Anton Blvd, # 1000, CA 92626; 714-882-5800

DATE: 5/6/2014      **MAY 07 2014**      Clerk, by **Liberty Alvarez**, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Target Corporation, a California Corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit "C"

GULDJIAN LAW, APC
Christopher A. Guldjian SBN 222964
Yasmine Djawadian SBN 270002
600 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626
Tel: 714-882-5800
Fax: 714-882-5810
E-mail: guldjian@glawg.com
         djawadian@glawg.com

Attorneys for Plaintiff Monica Doval

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO - NORTH COUNTY DIVISION

| | |
|---|---|
| MONICA DOVAL;<br><br>　　　　Plaintiff<br><br>vs.<br><br>TARGET, a California Corporation; DOES 1-100.<br>　　　　Defendants | Case No.: 37-2014-00014414-CU-PO-NC<br><br>**PLAINTIFF MONICA DOVAL'S SECOND AMENDED RESPONSES TO DEFENDANT TARGET'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Assigned for all purposes to:<br>Judge Eddie Sturgeon, Department C-67 |

PROPOUNDING PARTY:    Defendant TARGET CORPORATION ("Defendant")

RESPONDING PARTY:    Plaintiff MONICA DOVAL ("Plaintiff")

SET NUMBER:    ONE

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

　　Pursuant to California Code of Civil Procedure § 2031.210, et. seq., Plaintiff hereby objects and amends her responses to Defendant's Form Interrogatories, Set One, as follows:

///

1

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

3. Plaintiff objects to each request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each definition, instruction, and requests, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

5. Plaintiff objects to each definition, instruction, and request as overbroad and unduly burdensome to the extent it seeks information that is readily or more accessible to Defendant from Defendant's own files or documents that Defendant previously produced to Plaintiff. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiff as for Defendant.

6. The requests call for information that may contain confidential and/or privileged information. Plaintiff objects to the production of that confidential information, specifically relating to Plaintiff's bank accounts and/or bank statements and will not produce that information unless directed by the Court to do so.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific

2

PLAINTIFF MONICA DOVAL'S SECOND AMENDED RESPONSES TO DEFENDANT
TARGET'S SPECIAL INTERROGATORIES, SET ONE

1  response does not waive any general objection to that request.  Moreover, Plaintiff does not
2  waive its right to amend its responses.

### AMENDED RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO.10:**

Do you contend your damages are in excess of $75,000?

**AMENDED RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Yes.

Dated: September 9, 2014

GULDJIAN LAW, APC

BY: _____
Christopher A. Guldjian
Yasmine Djawadian
Attorneys for Plaintiff Monica Doval

---

3

PLAINTIFF MONICA DOVAL'S SECOND AMENDED RESPONSES TO DEFENDANT
TARGET'S SPECIAL INTERROGATORIES, SET ONE

## PROOF OF SERVICE

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to this action; and I am employed in the County of Orange, California, within which county the subject service occurred. My business address is: 600 Anton Blvd, Suite 1000, Costa Mesa, CA 92626

On **September 9, 2014,** I served the following document(s):

1. Plaintiff's Amended Response to Request for Production, Set 1

On the interested parties in this action as set forth on the attached service list in the following manner:

| | |
|---|---|
| ☐ | **(PERSONAL SERVICE)** I caused a true copy of said document(s) to be hand-delivered to the addressee(s) via a California registered process server pursuant to Code of Civil Procedure §1011 |
| ☒ | **(MAIL)** I placed each such envelope for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business |
| ☐ | **(FACSIMILE)** Via facsimile transmission to the addressee/parties facsimile number(s) as listed below. |
| ☐ | **(ELECTRONIC)** I caused said document(s) to be electronically filed with the Clerk of the Court using the e-file system, which will send electronic notification of the filing to all other parties or their counsel of record pursuant to California Rules of Court § 2.251 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and this declaration was executed on **September 9, 2014,** at San Diego, California.

_____
Danvi Nguyen

## SERVICE LIST

Theodore R. Cercos
LINCOLN, GUSTAFSON &CERCOS
ATTORNEYS AT LAW
550 West "C" Street, Suite 1400
San Diego, California 92101

4

PLAINTIFF MONICA DOVAL'S SECOND AMENDED RESPONSES TO DEFENDANT TARGET'S SPECIAL INTERROGATORIES, SET ONE